IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:03-HC-816-BO

| | | |
|---|---|---|
| RICHARD E. CABEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHEAL THUMM, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's Request for a Certificate of Appealability. Petitioner filed a Petition for Writ of Habeas Corpus in this court under 28 U.S.C. § 2254. On September 5, 2007, respondent's motion for summary judgment was granted. Petitioner has appealed and filed a request for certificate of appealability as to only one of the issues raised in this court, the issue of double jeopardy as interpreted by *United States v. DiFrancesco*, 491 U.S. 117 (1980). The request is ripe for determination.

Section 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104, 132, 110 Stat. 1214 (1996), provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -
> (A) the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court;
> . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

The statutory language of § 2253(c)(2) makes no significant change to the preexisting "probable cause" standard for leave to appeal the denial of a petition for a writ of habeas corpus. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Id.* at 484 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). The court finds that petitioner has shown that reasonable jurists would find the court's treatment of the double jeopardy claim as interpreted by *United States v. DiFrancesco*, 491 U.S. 117 (1980), to be debatable and the issue is adequate to deserve encouragement to proceed further. Accordingly, Petitioner's application for a certificate of appealability is GRANTED as to issue of double jeopardy as interpreted by *United States v. DiFrancesco*, 491 U.S. 117 (1980).

So ordered, this the 26 day of September 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2